IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JOHNNY R. HUFF,

    Petitioner,

v.                             Civil Action No. **3:08CV372**

GENE JOHNSON, et al.,

    Respondents.

**MEMORANDUM OPINION**

Johnny Huff, proceeding pro se, has filed a petition for a writ of mandamus and paid the full filing fee. Huff is currently being detained pursuant to Virginia's Civil Commitment of Sexually Violent Predators Act ("SVPA"), Va. Code Ann. § 37.2-900 et seq., pending a determination of whether he is a sexually violent predator. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

**Preliminary Review**

The Court is required to dismiss any action or claim filed by a prisoner if it determines the action or claim (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of

Civil Procedure 12(b)(6). While the Court liberally construes pro se pleadings, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional theories for relief that the inmate failed to clearly raise. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).[1]

### Allegations and Analysis

Huff has petitioned this Court to issue a writ of mandamus against the Director of the Virginia Department of Corrections, Gene Johnson, and the Attorney General for the Commonwealth of Virginia, R. McDonnell (hereinafter "Respondents"). Huff requests that Respondents be directed to answer a number of questions regarding the constitutional authority to detain him under Virginia's SVPA. Huff further demands that the Court order Respondents to appear at a hearing before this Court to answer the constitutional questions he raises in his petition and asks that this Court order his release from confinement.

---

[1] Huff recently filed a petition for a writ of habeas corpus, challenging his current detention under Virginia's SVPA, in this Court. Huff v. Commonwealth, No. 3:07CV691 (E.D. Va. filed Nov. 6, 2007). Thus, the Court does not construe the present action to be a petition for a writ of habeas corpus. Huff also currently has a civil rights action under 42 U.S.C. § 1983, challenging his current detention under the SVPA, pending before this Court. Huff v. Atty Gen. of Va., 3:07cv744 (E.D. Va. filed Dec. 5, 2007).

Mandamus relief is available only when the petitioner has a clear right to the relief sought and when there are no other means by which the requested relief may be granted. In re First Fed. Sav. & Loan Ass'n of Durham, 860 F.2d 135, 138 (4th Cir. 1988). Here, Huff may raise his claim regarding the constitutionality of the SVPA on an appeal from the Circuit Court for Chesterfield County's civil commitment proceedings. Huff also may file a petition for a writ of habeas corpus with the state courts. See Jenkins v. Dir. of Va. Ctr. for Behaviorial Rehab., 624 S.E.2d 453, 457-59 (Va. 2006) (discussing avenues of habeas relief available to individuals held as sexually violent predators). Furthermore, the United States Court of Appeals for the Fourth Circuit has long held that federal courts lack jurisdiction to grant mandamus relief against state officials or state courts. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969); see also In re Pearson, Nos. 08-1207 & 08-1222, 2008 WL 859278, at *1 (4th Cir. Mar. 28, 2008) (finding mandamus relief unavailable where petitioner sought, inter alia, an order declaring state habitual felon statute unconstitutional.) Accordingly, Huff's petition for a writ of mandamus will be DENIED, and the action will be DISMISSED.

The Clerk of the Court is DIRECTED to send a copy of this Memorandum Opinion to Huff.

And it is so ORDERED.

                                              /s/   REP
                                      Robert E. Payne
                                      Senior United States District Judge

Date: July 15, 2008
Richmond, Virginia